SLIP OPINION

Cite as 2013 Ark. App. 676

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-12-1109

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** November 13, 2013 |
| JOSEPH SUBLETT | | APPEAL FROM THE FAULKNER |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. 23DR-03-366] |
| V. | | |
| | | HONORABLE DAVID L. REYNOLDS, |
| JEREMY JAY MALLETT and | | JUDGE |
| JENNIFER LINN TULLOS | | |
| | APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Joseph Sublett appeals from the trial court's order holding that he was not permitted to intervene in a lawsuit between appellees Jeremy Jay Mallett and Jennifer Linn Tullos involving the paternity of a child born during the marriage of Sublett and Tullos. On appeal, Sublett argues that the trial court erred in its refusal to allow him "any chance of establishing his paternal rights." We disagree and affirm.

The facts preceding this appeal are unusual. On May 31, 2001, GMM was born during the marriage of Sublett and Tullos. However, at the time that the child was born, the parties were separated. And, in fact, Tullos had been in a relationship and living with Mallett for approximately eighteen months prior to the child's birth. However, during the time that Mallett and Tullos were living together, Sublett and Tullos had a sexual encounter that opened the possibility that Sublett was the child's biological father. However, in their divorce proceeding,

Sublett and Tullos specifically stated and agreed that only one child, TAS, was born of their marriage and that TAS was given up for adoption.

Sublett, Tullos, and Mallett all agreed and accepted that the child born in 2001 was fathered by Mallett, and his name appeared on the child's birth certificate. After filing a petition to establish paternity and visitation with his daughter in 2003, the court issued an order on May 21, 2004, decreeing Mallett "to be the legal father of [GMM]" and awarded Tullos and Mallett joint custody, with GMM spending one-half of her time with each parent. The same order designated Mallett's house as the child's primary residence for school purposes and established Mallett's parents as the primary care givers for the child. Later, following further litigation concerning GMM between Mallett and Tullos, the trial court awarded Mallett full custody of the child and ordered Tullos to pay child support.

However, on November 22, 2011, appellant Sublett attempted to intervene in the lawsuit between Mallett and Tullos, claiming that he—not Mallett—was the child's biological father. The trial court refused, noting that in "years of litigation between [Tullos and Mallett], this allegation that Mallett is not the biological father of the child was raised only after Mr. Mallett was granted full custody and [Tullos] was ordered to pay child support." The court concluded that Sublett's and Tullos's "recent collusion for the [paternity] testing further suggested that they are seeking to dissolve the parental bond of [Mallett] for financial or for other self-serving reasons." Relying on the doctrines of judicial and equitable estoppel, the court refused to allow Sublett to intervene. Specifically, the court found that both theories applied to prevent Sublett from asserting a right to interrupt the relationship between the child and Mallett. The court

further found that allowing the intervention would cause great injury to both the child and to Mallett. Following this order, Sublett lodged a timely appeal urging that we reverse the trial court's denial of his motion to intervene.

A trial court's ruling denying a motion to intervene will be overruled only if appellant can establish that the trial court abused its discretion by making an arbitrary and groundless decision to deny intervention. *Emp'rs Nat'l Ins. Co. v. Grantors to Diaz Refinery PRP Comm. Site Trust*, 313 Ark. 645, 855 S.W.2d 936 (1993). The right to intervene depends upon a determination of the threshold question of whether the motion to intervene was made in a timely manner. *Carton v. Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). Further, timeliness under Rule 24(a) is a matter lying within the discretion of the trial court and will not be subject to reversal absent abuse of that discretion. *Cupples Farms Partner v. Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 839 S.W.2d 187 (1992). Timeliness of intervention under Rule 24 of the Arkansas Rules of Civil Procedure is to be determined from all the circumstances, with special consideration of (1) how far the proceedings have progressed; (2) any prejudice to other parties caused by the delay; and (3) the reason for the delay. *Milberg, Weiss, Bershed, Hynes, and Lerach, LLP v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000).

Here, a petition to establish paternity was filed by Mallett in 2003. At that time, Sublett was aware that he could have fathered the child; that the child was born of his marriage to Tullos; and that he specifically did not mention the child in his divorce from Tullos. Sublett also admitted that since her birth, he was aware of the child's existence and thought the child bore a resemblance to him. Further, since the initial motion to establish paternity was filed by Mallett

3

SLIP OPINION

in 2003, there have been a number of other legal disputes between he and Tullos involving the custody, visitation, and support of the child.

Sublett was required to act in a timely fashion to establish his alleged paternity. Instead, he waited until he (and Tullos) were not satisfied with the way the litigation was progressing—Tullos being ordered to pay child support—and only then attempted to assert his parental rights. Further, there have been ten-plus years of progress in the case involving not only the financial and logistic details of the parties' custody arrangement, but the stability and well-being of a child. There is also a great risk of resulting prejudice in accommodating Sublett's motion to intervene, which the trial court found to be an eleventh-hour attempt to manipulate a child-support award. The right to intervene must be weighed against the harm, and here the potential harm is immeasurable.

Based on the facts of this case, we conclude that the trial court did not abuse its discretion when it refused to allow Sublett to intervene, (1) because his motion to intervene was untimely under Rule 24(a) of the Arkansas Rules of Civil Procedure. Ark. R. Civ. P. 24(a) (2013); Sublett waited until the litigation had progressed too far before filing his motion to intervene; (2) the granting of his untimely motion would have caused the other parties to the litigation to suffer great prejudice; and (3) Sublett failed to provide a valid reason for his delay in filing the motion to intervene. Further, we note that although the trial court resolved this case using theories of estoppel, we are free to affirm the case under an alternative theory—in this case, timeliness. *Thomas v. Avant*, 370 Ark. 377, 260 S.W.3d 266 (2007) (holding that it is axiomatic



that we can affirm a circuit court's decision if the right result is reached even if for a different reason).

Affirmed.

WYNNE and GLOVER, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Helen Rice Grinder*, for appellees.